# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Joseph Marek, Sr., <br><br>  Petitioner, <br><br> v. <br><br> Dora Schriro, et al., <br><br>  Respondents. | No. CV 06-3077 PHX-ROS (JM) <br><br> **REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Thomas Marek's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice because it was not timely filed.

## I.  PROCEDURAL BACKGROUND

On April 28, 2003, Petitioner was indicted for: (1) seven counts of sexual conduct with a minor under the age of 15, a class two felony and a dangerous crime against children; (2) one count of sexual abuse of a minor under that age of 15, a class 3 felony and a dangerous crime against children; (3) two counts of public sexual indecency in the presence of a minor under the age of 15, each a class 5 felony; (4) one count of sexual exploitation of a minor under the age of 15, a class 2 felony and a dangerous crime against children; and (5)

one count of sexual conduct with a minor over the age of 15, a class 6 felony. (Exhibit A.)[1] On July 16, 2003, Petitioner pled guilty to: (1) one count of attempted sexual conduct with a minor under the age of 15, a class 3 felony and a dangerous crime against children; (2) one count to sexual conduct with a minor under the age of 15, a class 2 felony and a dangerous crime against children; (3) attempted sexual exploitation of a minor, a class 3 felony and dangerous crime against children; and (4) one count of sexual conduct with a minor under the age of 18, a class 6 felony. (Ex. B; Ex. C.) On October 3, 2003, the trial court sentenced Petitioner to 15 years' imprisonment for the attempted sexual conduct with a minor conviction, and to 27 years' imprisonment, consecutive, for the sexual conduct conviction. (Ex. E; Ex. F.) For the remaining two convictions, the court suspended the imposition of sentence and placed Petitioner on lifetime probation. (*Id.*)

### *First Post-Conviction Proceeding*

Petitioner filed a notice of post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure on October 9, 2003. (Exhibit G.) On January 14, 2004, Petitioner's appointed counsel field a "Notice of Completion of Post-Conviction Review by Counsel," stating that she could find no colorable claims of relief to raise. (Ex. J.) The court gave Petitioner 45 days to file a *pro se* PCR petition. (Ex. K.) On or about March 9, 2004, Petitioner filed a letter with the court, which the court construed as a *pro se* petition. (Ex. L; Ex. N.) On May 26, 2004, the court denied the PCR petition. (Ex. N.) On June 10, 2004, the court granted Petitioner additional time– until July 6, 2004– to file a motion for rehearing or a petition for review. (Ex. O; Ex. P.) Petitioner did not file either.

### *Second Post-Conviction Proceeding*

On February 2, 2005, Petitioner filed a second notice of PCR relief. (Ex. Q.) On March 8, 2005, the trial court issued its Minute Entry dismissing Petitioner's claims and concluding that "Not only has Petitioner failed to indicate a reason why this court should

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus.

2

accept his untimely Pro Per Notice of Post-Conviction Relief, but the claims he has raised fail to state a colorable claim for relief." (Ex. S.) On May 12, 2005, Petitioner filed a motion for reconsideration. (Ex. T.) On July 5, 2005, the court denied the motion, noting that it had been filed more than 15 days after the court dismissed the PCR proceeding. (Ex. W.) On September 13, 2005, the trial court granted Petitioner an extension of time to file a petition for review. (Ex. Y.) On October 17, 2005, Petitioner filed a petition for review. (Ex. Z.) On August 4, 2006, the Arizona Court of Appeals denied review. (Ex. AA.) Petitioner did not file a petition for review in the Arizona Supreme Court.

### *State Habeas Petitions*

In addition to the PCR proceedings, Petitioner also attempted to file two petitions for writ of habeas corpus directly in the Arizona Supreme Court, the first on May 25, 2005, and the second on August 16, 2006. (Ex. V; Ex. BB.) These petitions were summarily dismissed. (Ex. X; Ex. CC.)

### *Federal Habeas Petition*

In the pending petition, Petitioner raises seven grounds for relief: (1) that his guilty plea was "not made intelligently with the understanding of the nature of the charges or consequences of the plea;" (2) that the sentencing judge acted in violation of the Sixth Amendment in aggravating his sentence based on factors not heard by a jury or admitted by Petitioner; (3) ineffective assistance of counsel in the state court proceedings; (4) that the denial of his second PCR petition was a denial of due process; (5) his sentence is excessive and in violation of the Eighth Amendment; (6) the multiple counts in the indictment constituted double jeopardy in violation of the Fifth Amendment; and (7) that his prosecution was pursued without probable cause and in violation of the Fourth Amendment. *Petition*, pp. 5-11.

## II.  LEGAL DISCUSSION

### A.  The petition is not timely under the AEDPA.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Depending on the circumstances, the one-year limitations period will commence to run on one of four dates: (1) the date the conviction became final on direct review; (2) the date a governmentally created impediment preventing the movant from filing his motion was removed; (3) the date the U.S. Supreme Court recognized a new right made retroactive to cases on collateral review; or (4) the date facts supporting the claims presented in the motion could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A) through (D). The running of the one-year limitations period is tolled during the time which a properly filed application for post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (holding that Arizona's mechanism for post-conviction relief is set in motion by the filing of the notice of post-conviction relief and therefore is "sufficient to toll the AEDPA statute of limitations.")

The starting point for determining the timeliness of Petitioner's Petition for Writ of Habeas Corpus is the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). As a result of his guilty plea, Petitioner did not pursue a direct appeal and, therefore, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007); 28 U.S.C. § 2244(d)(2) ("the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."). Petitioner's state court

conviction became final on October 3, 2003, when the trial court entered judgment and imposed sentence. Petitioner then filed his first PCR petition six days later, on October 9, 2003, thus immediately tolling the limitations period under § 2244(d)(2). *See Isley,* 383 F.3d at 1056 (AEDPA statute of limitations tolled by PCR notice filed in conformity with pertinent statutory provisions). On May 26, 2004, the court denied the PCR petition, but granted Petitioner until July 6, 2004 to file a motion for rehearing for a petition for review. He failed to do so, and beginning on July 6, 2004, the limitations period began to run and, because Petitioner subsequently had no "properly filed" application pending, expired on July 7, 2005. The earliest date on which instant petition for habeas corpus could be considered to have been filed is November 28, 2006, when Petitioner signed the petition. *Houston v. Lack*, 487 U.S. 266, 270, 76 (1988) (notice deemed filed when delivered to prison authorities for forwarding to the District Court). Thus, unless entitled to additional tolling, Petitioner's petition was past due by over 16 months.

Although Petitioner has not made the argument, it can be surmised that he might rely on his other filings in the Arizona State courts as justifying further tolling. Prior to the expiration of the limitation period on July 7, 2005, Petitioner filed a second notice of PCR relief in the trial court and a petition for writ of habeas corpus in the Arizona Supreme Court. Neither of these was "properly filed" under 28 U.S.C. § 2244(d)(2) and therefore are insufficient to merit tolling. (Ex. Q; Ex. V.)

The second notice of PCR relief was filed on February 2, 2005, and was addressed by Minute Entry Order on March 8, 2005. (Ex. S.) In the order, the trial court evaluated the merits of the claims Petitioner raised but only insofar as they might warrant the consideration of an untimely filed petition. In dismissing that petition, the trial court concluded that:

> Not only has Petitioner failed to indicate a reason why this court should accept his untimely Prop Per Notice of Post-Conviction Relief, but the claims he has raised fail to state a colorable claim for relief.

(Ex. S, p. 2.) As Respondents contend, Petitioner's attempt to initiate a second PCR proceeding did not toll the one year limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408,

5

414 (2005) ("When a postconviction petition is untimely under state law, that is the end fo the matter for purposes of § 2244(d)(2)."). This is true even thought the state court addressed the merits of the petition and found them non colorable. *Id.*

The petition for writ of habeas corpus filed in the Arizona Supreme Court was also not "properly filed." In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court construed the meaning of "properly filed" as follows:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . .

*Id.* at 8-9. In dismissing Petitioner's petition for writ of habeas corpus, the Arizona Supreme Court made it clear that the petition was not "properly filed" under the standards outlined by the Supreme Court:

> Petitioner Thomas J. Marek, Sr. has filed a Petition for Writ of Habeas Corpus challenging the validity of his convictions and sentences. A.R.S. Section 13-4233 and Rule 32.3, Ariz. R. Crim. P., provide that Rule 32 procedures govern such claims. Such claims must be presented initially to the superior court, and if relief is denied, then to the Court of Appeals in a timely petition for review. See Rules 32.3 and 32.9(c), Ariz. R. Crim. P., Supreme Court Rule 1(b)(1). If the Court of Appeals denied review or relief, Rules 32.9(g) and 31.19 allow for the filing of a timely petition for review by this Court.

(Ex. X.) Because the petition was filed under the wrong rules and in the wrong court, it was not "properly filed" and cannot serve to toll the limitations period for the filing of a petition in this Court. The filing deadline thus expired on July 7, 2005, and the petition is untimely.

It is worth noting that Petitioner's petition, and particularly Ground II, could be construed as claiming that the limitations period should have begun to run when the Supreme Court issued it's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). However, even if *Blakely* was made retroactive, which it was not, *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to a conviction that was final before that decision was announced), it

would be of no help. This is because *Blakely* was decided on June 24, 2004, and the instant petition was not filed until November 2006, well after a year had passed. Accordingly, the petition is untimely even if considered under 28 U.S.C. § 2244(d)(1)(C).

**III.   RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-3077-PHX-ROS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 17th day of November, 2008.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge